UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J & JILL D THORNES,<br><br>Plaintiffs,<br><br>v.<br><br>IBM LENDER BUSINESS PROCESS SERVICES, INC. and FANNIE MAE,<br><br>Defendants. | CASE NO. C10-1716 MJP<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER |

This comes before the Court on Plaintiffs' motion for a temporary restraining order and a preliminary injunction (Dkt. No. 2 and 3.) Having reviewed the filings, the Court DENIES Plaintiffs' motion for a temporary restraining order ("TRO") and ORDERS a hearing be set concerning Plaintiffs' motion for a preliminary injunction.

**Background**

On October 22, 2010, Plaintiffs Michael and Jill Thornes filed a petition alleging state and federal claims against IBM Lender Business Process Services, Inc. and Fannie Mae. (Dkt. No. 1.) Specifically, Plaintiffs claim violations of the Real Estate Settlement Procedures Act

1  ("RESPA"), 12 U.S.C. § 2601 et seq., violations of the Truth in Lending Act ("TILA"), 15

2  U.S.C. § 1601 et seq., deceptive advertising, unjust enrichment, breach of fiduciary duty, fraud,

3  breach of implied covenant of good faith and fair dealing, infliction of emotional distress, and

4  negligence.  (See Compl.)

5       In conjunction with their petition, Plaintiffs filed a motion for a temporary restraining

6  order ("TRO") and a motion for a preliminary injunction to enjoin the sale of their residence.

7  (Dkt. Nos. 2 and 3.)  The foreclosure sale is currently scheduled for Friday, November 5, 2010.

8  (Dkt. No. 2-1, Pg. 3.)

9                          **Analysis**

10    I.      Temporary Restraining Order

11       The Court considers four traditional factors in examining the Plaintiffs' request for a

12  TRO:  (1) likelihood of success on the merits, (2) likelihood of irreparable harm, (3) the balance

13  of equities, and (4) the public interest.  Winter v. Nat'l Res. Def. Council, Inc., __ U.S. ___, 129

14  S.Ct. 365, 374 (2008); see also Toyo Tire Holdings of Americas Inc. v. Continental Tire, 609

15  F.3d 975, 982 (9th Cir. 2010).

16       Plaintiffs' petition, or complaint, fails to establish a likelihood of success on the merits

17  because it fails to state a claim.  The Federal Rules of Civil Procedure 8(a)(2) requires a

18  complaint contain "a short and plaint statement of the claim showing that the pleader is entitled

19  to relief."  This "requires more than labels and conclusions" and "formulaic recitation of the

20  elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

21  (2007)(internal citations omitted).  "Factual allegations must be enough to raise a right to relief

22  above the speculative level."  Id.  Determining whether the allegations in a complaint are

23  "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial

24

experience and common sense." <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1950 (2009). In addition, certain claims such as fraud or misrepresentation are subject to a more stringent standard. Rule 9(b) requires "a party to state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Here, Plaintiffs' petition focuses on the culpability of banks and mortgage companies generally. In their complaint, Plaintiffs state deregulation and shoddy practices allowed "unscrupulous lenders [to] swoop[ ] in" and caused harm to "the unsophisticated American public." (Compl. Pg. 3.) Plaintiffs also spend a significant portion of their complaint explaining the mortgage industry's activities, including "special purpose vehicle" and "risk layering." (<u>See</u> Compl.) Yet, the general practices of an industry do not suggest a particular defendant is liable in a given case. Even if simply stated, specific facts regarding Plaintiffs' own loan transaction are required to meet federal pleading standards.

Plaintiffs' petition does not contain specific factual allegations relating to the Plaintiffs' own loan or the foreclosure on Plaintiffs' own home. In their complaint, Plaintiffs state they "entered into a consumer contract for the refinance of a primary residence" and "Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant." (Compl. Pg. 1.) However, Plaintiffs do not allege any direct facts surrounding the negotiation or execution of their refinance loan with Defendants or documentation concerning when their deed of trust at issue was executed. (Compl. Pg. 1.) Even Plaintiffs' affidavit contains no facts regarding Plaintiffs' personal experience to support their claim and merely re-states the Plaintiffs' general allegations. (Dkt. No. 2-2.) While Plaintiffs provide a list of specific fees that were possibly charged at the settlement of their loan, it is unclear whether these fees are in fact challenged by Plaintiffs because they immediately state

ORDER DENYING TEMPORARY RESTRAINING
ORDER- 3

1  they were "unable to determine whether or not the [ ] fees are valid in accordance with the
2  restrictions provided by the various consumer protection laws." (Compl. Pg. 11.)
3       In sum, Plaintiffs have alleged wrongs committed by the mortgage industry as a whole
4  and only vaguely referred to Defendants' conduct in their own loan transaction. Plaintiffs failed
5  to meet the Rule 8(a) pleading standard for the majority of their claims and failed to meet the
6  heightened Rule 9(b) pleading standard for the remaining fraud and misrepresentation claims.
7  Since Plaintiffs' petition fails to allege facts specific to their case and Plaintiffs have not
8  submitted any additional declarations or affidavits tying the general practices of the industry to
9  their case, the Court finds Plaintiffs are not likely to succeed on the merits. Based on this record,
10 the Court DENIES Plaintiffs motion for a TRO.
11    II.    <u>Preliminary Injunction</u>
12      Plaintiffs also filed a motion for a "temporary," or preliminary, injunction to enjoin the
13 foreclosure sale. Per the Western District of Washington's Local Rule 7, the Court will not
14 consider the motion until Friday, November 19th, 2010. While Plaintiffs' current petition fails to
15 state a claim, the Court will review any amended pleadings or supplemental materials Plaintiffs
16 may file before that time.  Additional filings should allege facts directly related to the dispute
17 between Plaintiffs and Defendants, and not general statements concerning predatory lending
18 practices.
19      A hearing concerning the preliminary injunction shall be held on Tuesday, November
20 23rd, 2010 at 10:00 am.  The Court will not assume its denial of a TRO means a foreclosure sale
21 necessarily occurred on Friday, November 5, 2010.  Therefore, the hearing will be held unless
22 the parties update the Court that it is no longer warranted.
23      \\
24

ORDER DENYING TEMPORARY RESTRAINING
ORDER- 4

**Conclusion**

The Court DENIES Plaintiffs' request for a temporary restraining order. Concerning the Plaintiffs' motion for preliminary injunction, a hearing shall be held on November 23rd, 2010 at 10:00 am. The parties shall notify the Court if a hearing on the preliminary injunction is no longer necessary.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 4th day of November, 2010.

Marsha J. Pechman
United States District Judge