UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. & JILL D. THORNES,<br><br>Plaintiff,<br><br>v.<br><br>IMB LENDER BUSINESS PROCESS SERVICES, INC. and FANNIE MAE,<br><br>Defendant. | CASE NO. C10-1716MJP<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |

This comes before the Court on Defendants' Motion to Dismiss. Having received and reviewed

1. Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Dkt. No. 16.);

2. Plaintiffs' Amended Pleadings (Dkt. No. 12.);

3. Plaintiffs' Response to Defendants' Motion to Dismiss (Dkt. No. 18.);

4. Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss (Dkt. No. 19.);

1    and all related declarations and exhibits, the Court GRANTS Defendants' Motion to Dismiss

2    Plaintiffs' claim with Prejudice.

3                                              **Background**

4    　　　　On October 22, 2010, Plaintiffs Michael and Jill Thornes ("Plaintiffs") filed a petition

5    alleging state and federal claims against IBM Lender Business Process Services, Inc. and Fannie

6    Mae ("Defendants").  Specifically, Plaintiffs claim violations of the Real Estate Settlement

7    Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., violations of the Truth in Lending Act

8    ("TILA"), 15 U.S.C. § 1601 et seq., violations of the Washington Consumer Protection Act

9    ("CPA"), RCW 19.86.010 et seq., breach of implied covenant of good faith and fair dealing,

10   breach of fiduciary duty, negligence, negligence per se, fraud, fraud by nondisclosure, and

11   intentional infliction of emotional distress.  Plaintiffs also seek quiet title to their residence.

12   　　　　In conjunction with their October petition, Plaintiffs filed motions for a temporary

13   restraining order ("TRO") and a preliminary injunction to enjoin the foreclosure sale of their

14   residence. (Dkt. Nos. 2 and 3.)  This Court denied both motions. (Dkt. Nos. 9 and 14.)

15   　　　　In their initial complaint, Plaintiffs focused on the culpability of banks and mortgage

16   companies generally and failed to allege any facts directly relating to Plaintiffs' own loan

17   experience. (Dkt. No. 1.)  After the Court denied the motion for a TRO, Plaintiffs amended their

18   complaint to include some facts specific to their experience. (Dkt. No. 12.)  The amended

19   complaint alleges improper conduct by Plaintiffs' lender, appraiser, broker, and others, but still

20   makes no specific allegations against Defendants.

21   　　　　Defendants move for dismissal with prejudice.  In response, Plaintiffs ask the Court to

22   deny Defendants' motion and impose sanctions against Defendants for a frivolous motion to

23

24

1  dismiss.  In the alternative, Plaintiffs ask the Court to treat Defendants' request as a motion for a
2  more definite statement and grant Plaintiffs leave to amend.
3
4  **Discussion**
5  The Court takes most of Plaintiffs' allegations of material fact as true for the purposes of
6  the 12(b)(6) motion.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).
7  "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat
8  a motion to dismiss." <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998).  Additionally, "[t]he
9  Court need not … accept as true allegations that contradict matters properly subject to judicial
10 notice or by exhibit." <u>Spreewell</u>, 266 F.3d at 988.
11 Plaintiffs allege Defendants conspired with lenders, appraisers, underwriters, and others
12 to induce Plaintiffs to accept a bad loan and buy an overvalued house.  Plaintiffs base
13 Defendants' liability solely on this alleged conspiracy.  Plaintiffs' claim fails because (1) they do
14 not support their allegations of conspiracy with sufficient facts, and (2) the individual claims fail
15 on the merits.  As a result, the Court grants Defendants' motion to dismiss.
16
17 **A.  <u>Civil Conspiracy</u>**
18 Plaintiffs argue Defendants are liable because they "acted as agents, servants, and/or
19 employees of the remaining Lenders" and "together, in a 'conspiratorial nature', undertook the
20 misdeeds" that form the basis of the suit.  (Am. Compl. at 6.)  However, Plaintiffs fail to allege
21 any action by Defendants that would demonstrate their agreement to participate in such a
22 conspiracy.
23 A civil conspiracy involves "a combination of two or more persons to commit a criminal
24 or unlawful act, or to commit a lawful act by criminal or unlawful means." <u>Harrington v.</u>

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED- 3

1  Richeson, 40 Wn.2d 557, 573 (1952).  Although a conspiracy can be shown by circumstantial

2  evidence, the evidence "must be inconsistent with a lawful or honest purpose and reasonably

3  consistent only with [the] existence of the conspiracy." Corbit v. J. I. Case Co., 70 Wn.2d 522,

4  529 (1967).  "A properly plead conspiracy 'must set forth with particularity the facts and

5  circumstances constituting the alleged conspiracy.'" Swartz v. KPMG, LLC, 401 F. Supp. 2d

6  1146, 1157 (W.D. Wash. 2004), aff'd in part, rev'd in part sub nom. Swartz v. KPMG LLP, 476

7  F.3d 756 (9th Cir. 2007) (quoting Heying v. Simonaitis, 466 N.E.2d 1137, 1142 (Ill. App. Ct.

8  1984)).

9  　　　　Plaintiffs rely on Greenberg v. Sala, 822 F.2d 882, 886 (9th Cir. 1987), and argue that

10  "averments of agency are not required in a complaint."  (Pl. Resp. Br. at 3.)  This reliance is

11  misplaced.  Greenberg pre-dates the more stringent plausibility standard of Bell Atl. Corp. v.

12  Twombly, 550 U.S. 544 (2007).  Because one of the elements of a conspiracy is an agreement to

13  conspire, Plaintiffs must show some factual support to make it plausible that Defendants entered

14  into the agreement.  Twombly requires a sufficiently pled claim of conspiracy to contain

15  "enough factual matter … to suggest that an agreement was made." Id. at 556.  Plaintiffs allege

16  no acts or conduct by Defendants suggesting a conspiracy is plausible.  Because conspiracy is

17  Plaintiffs' only theory of Defendants' liability, the substantive claims fail.

18  **B.  Merits**

19  　　1.  Breach of Good Faith

20  　　　　The implied duty of good faith in every contract applies "to the performance of specific

21  contract obligations." Johnson v. Yousoofian, 84 Wn. App. 755, 762 (1996).  Although

22  Plaintiffs allege they "entered into an express contract with Defendants[,]" (Am. Compl. at 2),

23  Plaintiffs attach documentation that shows Defendants were not parties to the contract.  (Am.

24

Compl., Ex. A & B.)  Additionally, Plaintiffs elaborate on the contract formation, listing a broker, lender, appraiser, underwriter, and escrow company but do not name Defendants as taking any part in the contract formation.

Because Defendants are not parties to the contract, they do not owe a duty of good faith, and the Court dismisses the breach of contract claim.

### 2. Breach of Fiduciary Duty

A claim for breach of fiduciary duty must allege "(1) existence of a duty owed; (2) breach of that duty; (3) resulting injury; and (4) that the claimed breach was the proximate cause of the injury." Micro Enhancement Int'l v. Coopers & Lybrand, Inc., 110 Wn. App. 412, 432 (2002). A fiduciary relationship does not arise simply because a plaintiff puts his or her trust in another party. "There must be additional circumstances, or a relationship that induce the trusting party to relax the care and vigilance which he would ordinarily exercise for his own protection." Moon v. Phipps, 67 Wn.2d 948, 954 (1966).

Plaintiffs allege a fiduciary relationship existed with lenders, appraisers, and underwriters but have not alleged Defendants' conduct either created a relationship or induced the trust of Plaintiffs.  The Court dismisses the breach of fiduciary duty claim.

### 3. Negligence/Negligence Per Se

A claim for negligence must establish duty, breach, proximate causation and damages. Gall v. McDonald Indus., 84 W. App. 194, 202 (1996).

Here, Plaintiffs allege Defendants owed a general duty of care "particularly concerning their duty to properly perform due diligence as to the loans and related transactional issues" and

"under TILA, [the Home Owners Equal Protection Act][1], RESPA … to provide proper disclosures concerning the terms and conditions of the loans they marketed[.]" (Am. Compl. at 18.) Plaintiffs' allegations fail to state a claim because they do not establish Defendants owed a duty to Plaintiffs. Additionally, Plaintiffs fail to allege any conduct by Defendants that would constitute a breach of that duty. The Court dismisses the negligence claims.

### 4. Fraud/Fraud by non-disclosure

Claims of fraud must be pled with particularity. Fed.R.Civ.P. 9(b). The Ninth Circuit requires the pleading to include "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). In Washington fraud consists of nine elements:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages suffered by the plaintiff.

Carlile v. Harbour Homes, Inc., 147 Wn. App. 193, 205 (2008).

While Plaintiffs make broad statements about the mortgage lending industry, Plaintiffs fail to allege Defendants made any representation, let alone a false representation. As a result, none of the elements are met, and the Court dismisses Plaintiffs' fraud claims.

---

[1] Plaintiffs make no other references to HOEPA except for this quote regarding Defendants' alleged duty.

5. <u>TILA</u>

Plaintiffs allege Defendants violated TILA by failing to disclose information at the signing of the loan agreement. But Defendants do not appear to have been a party to the loan agreement and therefore had no obligations to Plaintiffs under TILA.

In addition, Plaintiffs' TILA claims are barred by a one-year statute of limitations. Plaintiffs argue the statute of limitations should be tolled because "Defendants actively concealed the complete truth from Plaintiffs[.]" (Pls. Resp. Br. at 4.) But again, Plaintiffs fail to either demonstrate Defendants were present at contract formation or allege any facts suggesting Defendants concealed anything from Plaintiffs. The Court dismisses Plaintiffs' TILA claims.

6. <u>Outrage</u>

Plaintiffs fail to plead the claim for outrage because they do not identify any extreme or outrageous conduct by Defendants.

The claim of outrage has three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress on the part of the plaintiff." <u>Reid v. Pierce County</u>, 136 Wn.2d 195, 202 (1998). Plaintiffs have not alleged any conduct by Defendants that plausibly supports a finding that Defendants' conduct was extreme and outrageous. The Court dismisses the outrage claim.

7. <u>Washington's Consumer Protection Act</u>

The Washington Consumer Protection Act ("CPA") creates a private cause of action for plaintiffs who are injured by unfair or deceptive business practices. RCW 19.86.090. The CPA has five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce;

(3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

Plaintiffs fail to identify any act or practice by Defendants that is either unfair or deceptive. The Court dismisses the CPA claim.

8. RESPA

Plaintiffs allege eighteen separate RESPA violations but fail to identify Defendants as the party responsible for any of the violations. (Am. Compl. at 10.) Accordingly, the Court dismisses Plaintiffs' RESPA claims.

9. Quiet Title

Plaintiffs argue they have sufficiently "set forth facts concerning the title interests of the subject property." (Am. Compl. at 13.) However, Plaintiffs fail to identify any facts supporting a quiet title. Additionally, Plaintiffs' pleading fails to address Defendants' claim to the property and only discusses "[a]ny claim the lender has or may have[.]" (Id. (emphasis added).) The Court dismisses Plaintiffs' claim for quiet title.

C. **Leave to Amend**

Plaintiffs alternatively request the Court grant leave to amend. Whether to grant leave to amend is in the discretion of the court, but "refusal to grant leave without any apparent justifying reason is an abuse of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1472 (9th Cir.1987), cert. denied, 484 U.S. 1006 (1988).

Here, granting Plaintiffs leave to amend would cause undue delay and prejudice Defendants. The Court has already granted Plaintiffs leave to amend once, and Plaintiffs failed to state any valid claims against Defendants. In neither the original or amended complaint have Plaintiffs alleged any act or conduct on the part of the named defendants. Plaintiffs' claims relate specifically to the conduct of parties at the time Plaintiffs obtained their home loan. Defendants were not involved in that process, and Plaintiffs do not allege any facts that plausibly suggest Defendants conspired with the parties who were involved. Granting leave to amend would extend the amount of time and resources Defendants would have to devote to this action when Plaintiffs have not demonstrated any reason why Defendants were named.

The Court denies Plaintiffs' motion for leave to amend and dismisses all Plaintiffs' claims with prejudice.

**D. Motion for Sanctions**

The Plaintiffs move for sanctions against Defendants "for filing a frivolous pleading [sic] and for failing to speak with candor to the court[.]" (Pls. Resp. Br. at 2.) The Court's decision to grant Defendants' motion demonstrates that it is not frivolous, and Plaintiff's motion for sanctions is denied.

**Conclusion**

The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted and GRANTS Defendants' motion to dismiss. Plaintiffs have alleged Defendants conspired with other unnamed parties to defraud Plaintiffs but have provided no specific allegation that Defendants acted in a conspiratorial manner. Plaintiffs have already amended their complaint once without correcting the deficiencies as to Defendants. Granting Plaintiffs

1 leave to amend again would be prejudicial to Defendants and create undue delay. The Court
2 DENIES Plaintiffs' motion for leave to amend. Finding Defendants' motion meritorious, the
3 Court DENIES Plaintiffs' motion for sanctions against Defendants.

5  The clerk is ordered to provide copies of this order to all counsel.
6  Dated: February 15, 2011.

 Marsha J. Pechman
 United States District Judge

ORDER ON DEFENDANTS' MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED- 10